Joseph W. Cotchett (36324)
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT ALL NIPPON AIRWAYS CO., LTD. |

This matter has come before the Court to determine whether there is any just reason for delay of the entry of this final judgment with respect to the class action settlement with Defendant All Nippon Airways Co., Ltd. ("ANA" or "Defendant"). The Court, having reviewed Plaintiffs' Motion for Final Approval of Settlement with Defendant ANA ("Final Approval Motion") and Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (ECF No. 1307), having held argument on said motions on ~~October 18, 2019~~ November 15, 2019, and finding no just reason for delay, hereby directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to members of the Settlement Classes and ANA pursuant to the Settlement Agreement Between Plaintiffs and ANA ("Settlement Agreement") (*see* ECF No. 1297-2; Ex. A):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and Defendant.

2. The following classes are certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure ("Rule") 23:

> Settlement Class I ("Japan Settlement Class"): All persons and entities that directly purchased tickets for passenger air transportation from JAL or ANA, or any predecessor, subsidiary or affiliate thereof, that originated in the United States and included at least one flight segment from the United States to Japan between the period beginning February 1, 2005 and ending December 31, 2007. Excluded from the class are any tickets that did not include a fuel surcharge. Excluded from the class are any antitrust immunized fares agreed upon at IATA "Tariff Coordinating Conferences." Excluded from the class are tickets exclusively acquired through award or reward travel or any tickets acquired for infant travel with a 90% discount. Also excluded from the class are purchases by government entities, Defendants, any parent subsidiary or affiliate thereof, and Defendants' or any other commercial airline's officers, directors, employees, agents, and immediate families.
>
> Settlement Class II ("*Satogaeri* Settlement Class"): All persons and entities that directly purchased *Satogaeri* fares from JAL or

[~~Proposed~~] Final Judgment of Dismissal With Prejudice As To Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

1

ANA or any predecessor, subsidiary or affiliate thereof that originated in the United States an included at least one flight segment to Japan and does not include travel to countries other than the United States and Japan between the period beginning January 1, 2000 and ending April 1, 2006. Excluded from the class are purchases by government entities, Defendants, any parent subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families. Also excluded are purchases of "Satogaeri Special" and maerui satogaeri fares.

<u>Settlement Class III</u>: All persons and entities that directly purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from or on any of the Defendants, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

3. These settlement classes shall be referred to herein as the Settlement Classes.

4. For purposes of this Order, the terms "Defendants," "Effective Date," "Released Claims," "Releasing Parties," and "Released Parties" shall be defined as set forth in the Settlement Agreement.

5. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

    a. There are thousands of putative members of the Settlement Classes, making joinder of all members impracticable;

    b. There are questions of fact and law that are common to all members of the Settlement Classes;

    c. The claims of the Class Representatives are typical of those of the absent members of the Settlement Classes; and

    d. Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee,

[Proposed] Final Judgment of Dismissal With Prejudice As To Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

2

Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian ("Class Representatives") have and will fairly and adequately protect the interests of the absent members of the relevant Settlement Class or Classes and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Classes.

6. The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy, LLP and Hausfeld LLP are appointed as Settlement Class Counsel, and that Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian are appointed to serve as Class Representatives on behalf of the Settlement Classes.

8. No one has either excluded themselves from, or objected to, the settlement with ANA, any of the Settlement Classes, or Class Counsel's request for fees and reimbursement of expenses.

9. Upon the Effective Date, all Releasing Parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against any of the Released Parties.

10. The Court has finally approved the settlement between the Class Representatives and ANA in the total amount of $58,000,000.

11. This Court hereby dismisses on the merits and with prejudice the Action against Defendant, with each party to bear its own costs and attorneys' fees.

[Proposed] Final Judgment of Dismissal With Prejudice As To Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

3

12. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to members of the Settlement Classes pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the ANA Settlement Agreement; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; and (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

**IT IS SO ORDERED.**

Dated: December 3, 2019

**THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE**

[Proposed] Final Judgment of Dismissal With Prejudice As To Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

4